## ARTHUR *v.* HUBBARD, CHAIRMAN, ET AL.

[No. 66, October Term, 1949.]

Decided January 12, 1950.

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Thomas J. Kenney* and *Joseph O. Kaiser* for the appellant.

*Hamilton O'Dunne, Assistant City Solicitor,* with whom was *Thomas N. Biddison, City Solicitor,* on the brief, for the appellees, the Planning Commission and the Mayor and City Council of Baltimore.

Submitted on brief by *Joseph G. Finnerty* for the appellee, Medio Waldt.

DELAPLAINE, J., delivered the opinion of the Court.

James F. Arthur, a member of the City Council of Baltimore, filed this petition for *mandamus* to compel Thomas F. Hubbard, chairman, and the other members

of the Planning Commission of the City of Baltimore, to recognize him as the City Council's representative on that Commission, and to compel Medio Waldt, also a member of the City Council, to cease exercising any of the functions of the office of a member of the Commission.

Petitioner alleged that Councilman Waldt claims and pretends to be a member of the Planning Commission by reason of the fact that at a session of the City Council on March 29, 1948, he was elected by the vote of a majority of the members to serve as its representative on the Commission to fill the vacancy caused by the death of Councilman Jerome Sloman, whose term as a member of the City Council would have expired in May, 1951. Petitioner further alleged that on April 4, 1949, he was elected by the City Council as its representative on the Commission to replace Councilman Waldt; that he attended a meeting of the Commission on April 6 and was then recognized as a member of it; and that he continued to act as such until a meeting of the Commission on April 27, when Councilman Waldt claimed that he had been duly elected as the City Council's representative on the Commission and declared his intention to continue to act as such. The Commission thereupon voted to recognize Councilman Waldt instead of petitioner.

The Planning Commission and Councilman Waldt, defendants, and the Mayor and City Council of Baltimore, municipal corporation, intervening party defendant, demurred to the petition. The Court sustained the demurrers and entered judgment in favor of defendants for costs. Petitioner appealed from that judgment.

Section 102 of the Baltimore City Charter, 1949 Ed., provides that the head of the Department of Planning, one of the executive departments of the City of Baltimore, shall be the Planning Commission, to consist of nine members, one of whom shall be the Director of Public Works *ex officio,* one of whom shall be the Mayor of the City *ex officio,* and one of whom shall be a member of the City Council *ex officio,* who shall be elected by that

body, and six of whom shall be residents of Baltimore City, whose interest in and knowledge of city planning shall be recognized, and who shall be appointed by the Mayor. This Section further provides that each of the members of the Commission, excluding those serving *ex officio,* except the member of the City Council, shall receive compensation at the rate of $25 for each meeting of the Commission attended, not exceeding $1,250 a year, and the Chairman shall receive $3,000 per year.

Section 103 of the City Charter, which prescribes the terms of members of the Planning Commission, provides: "The terms of the *ex officio* members shall correspond to their respective official tenures, and the term of each appointed member shall be six years * * *." Petitioner called attention to Section 23 of the Charter, which provides that the City Council shall "appoint its own officers, regulate their respective compensation, * * * and remove them at pleasure." It is beyond question that Councilman Waldt, when he was elected a member of the Planning Commission by the City Council, became the City Council's *ex officio* member of the Commission within the meaning of Section 103; but his status as a member of the Commission has not been that of an "officer" of the City Council within the meaning of Section 23. We find no indication that the framers of the Charter considered the City Council's representative on the Commission as an officer of the City Council. The provision in Section 102 for the compensation of members of the Planning Commission refers to the City Council's representative merely as "the member of the City Council."

It was earnestly contended by petitioner that "official tenure" does not imply a definite term of office, and hence Councilman Waldt could be removed from the Planning Commission at any time at the pleasure of the City Council. We cannot accept that view. The expression "official tenure" may be defined as the right to hold an office for a fixed and definite term, subject to its termination by some contingency, such as age, death, resignation or removal. *Barrett v. Duff,* 114 Kan. 220, 217 P. 918,

922; *People ex rel. Bagshaw v. Thompson,* 55 Cal. App. 2d 147, 130 P. 2d 237, 241.

Section 16 of the City Charter has definitely fixed the term of office of members of the City Council at four years. Thus Councilman Sloman's tenure of office extended from the date when he assumed office in May, 1947, until his death in 1948. Councilman Waldt's tenure of office will extend from the date when he assumed office in May, 1947, until the expiration of his term in May, 1951, unless it is terminated sooner by death or some other cause. The word "term," when used in reference to tenure of office, ordinarily refers to a fixed and definite time and does not apply to appointive offices held at the pleasure of the appointing power. *Field v. Malster,* 88 Md. 691, 696, 41 A. 1087. The conclusion is inescapable that Councilman Waldt's term as a member of the Planning Commission has not yet expired.

Counsel for petitioner urged that the City Council should be deemed to have implied authority to change its representative on the Planning Commission at any time, because without such authority the Council would have no "active voice in determining the policies of the Commission" in the event that its representative should become incapacitated for an extended period of time or should refuse to follow the policies advocated by the majority of the members of the Council. The City Solicitor replied that it must be presumed that the framers of the City Charter considered the possibility that the Council's representative on the Commission might become incapacitated, and yet they made no provision for such an eventuality. The City Solicitor further asserted that the Planning Commission was designed to serve the increasingly important function of planning for the future growth and development of Baltimore, and the framers of the Charter evidently wanted to guard the Council's representative on the Commission from political pressure, which would be apt to influence his decisions if he could be removed at any time as a result of any change in political complexion of the Coun-

cil. These arguments deal with policy. It is not for the Court to legislate.

As the City Charter has not given the City Council the right to remove its member of the Planning Commission after he has been duly elected thereto, the vote by which the Council attempted to elect petitioner as a member of the Commission was void and of no effect. The action of the Court below in dismissing the petition for *mandamus* will therefore be affirmed.

*Judgment affirmed, with costs.*